USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/31/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
D.R. an infant by her Mother and
Natural, Guardian, TOWANA
RODRIGUEZ and TOWANA
RODRIGUEZ, Individually,

                                     Plaintiffs,

            -against-

SANTOS BAKERY, INC. and WILSON
VILLA-TENMAZA,

                                       Defendants.
-----------------------------------------------------------------X

**20-CV-3628 (KHP)**
**OPINION AND ORDER ON**
**MOTIONS IN LIMINE**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      This action arises out of a motor vehicle accident. Plaintiff D.R. ("D.R.") was crossing the street when she was struck by the side mirror of Defendant Santos Bakery's ("Santos Bakery") truck, which was being driven by Defendant Wilson Villa-Tenmaza ("Villa-Tenmaza"). D.R. was thirteen years old at the time of the accident. She lost consciousness after being struck and awoke at the hospital. Villa-Tenmaza stayed at the scene and provided a statement to the police. Plaintiff's mother was not present at the time D.R. was struck, but subsequently arrived at the scene. Plaintiffs brought suit in state court and Defendants removed the action to this Court based on the diversity of citizenship of the parties. Trial in this case is scheduled to begin on Monday, June 5, 2023.

      Presently before the Court are motions *in limine* submitted by the parties at ECF Nos. 46, 47, and 54, as well as other issues raised in the parties' letters at ECF Nos. 60 and 62.

I. **Legal Standards**

   a. **Applicable Law**

In cases removed to federal court based on diversity of citizenship, questions of procedural law are governed by federal law and questions of substantive law are governed by the law of the applicable state. *Hernandez v. Money Source Inc.*, 2022 WL 2702894, at *5 (E.D.N.Y. July 12, 2022) (citations omitted). The Rules of Evidence are procedural, and the federal rules of evidence thus apply to civil cases that are removed to the federal court. *Id.* (citing Fed. R. Evid. 1101).

   b. **Standards for Motions *In Limine***

A trial court's "inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citation omitted). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quotation marks and citation omitted). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *Ridge v. Davis*, 2022 WL 16737299, at *1 (S.D.N.Y. Nov. 7, 2022) (citation omitted).

   c. **Standards for Admission of Evidence**

"The Federal Rules of Evidence favor the admission of all relevant evidence." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 446, 452 (S.D.N.Y. 2009) (citing Fed. R. Evid. 402). "Evidence is relevant if: (a) it has any tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

### d. Standards Governing Hearsay

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is inadmissible unless otherwise allowed under statute, the Federal Rules, or as otherwise prescribed by the Supreme Court. Fed. R. Evid. 802. There are numerous exclusions and exceptions to the general prohibition on hearsay. *See* Fed. R. Evid. 801(d), 803, 804. "[T]he rule against hearsay is fundamentally designed to ensure that only reliable evidence goes in front of the jury; the exceptions to the rule permit the introduction of evidence the reliability of which can be assured through some other means." *Djangmah v. Falcione*, 2013 WL 6388364, at *5 (S.D.N.Y. Dec. 5, 2013).

When one out-of-court statement relays another out-of-court statement, this is "hearsay within hearsay." In such a situation, the statement is only admissible if each part falls within an exception or exclusion to the hearsay rule. Fed. R. Evid. 805; *see Gueye v. People's United Bank, Nat'l Ass'n*, 2021 WL 10351980, at *6 (E.D.N.Y. Apr. 9, 2021), *aff'd*, 2022 WL 2203953 (2d Cir. June 21, 2022).

II.   **Discussion**

   a.  **Medical Records**

Both parties seek to preclude admission of certain statements in D.R.'s medical records. Defendants seek to preclude statements regarding the manner in which the accident occurred, and specifically statements that the accident occurred "while the truck was turning," or that the truck was "turning the corner" while "moving at high speed," and that D.R. "[w]as thrown a couple of feet after the impact," or "flipped in the air per witnesses." Defendants argue that the source of this information is not identified in the medical records and there is no indication of where the information came from. Accordingly, Defendants argue, there is no valid basis to consider the statements trustworthy. Plaintiffs state that as to the statement that the truck was turning, this was a description of the accident that D.R.'s mother "heard at the scene."

Plaintiffs seek to preclude statements indicating that Plaintiff did not remember the accident, specifically the following statements: "Patient states she dose [sic] not remember the event, last thing she remembers is leaving the house to walk to the bus stop before school;" "Is amnestic for the event;" "Patient cannot recall the incident, last memory is leaving the house;" "She does not remember the event;" and "Pt cannot recall the incident, last memory is waiting to cross the street as vehicle was moving at high speed." Plaintiffs assert that D.R. did not make these statements to her doctors, and it is unclear who made these statements.

Medical records are generally admissible under the hearsay exception for business records provided the proper foundation is laid. Fed. R. Evid. 803(6). However, to the extent a medical record contains third-party statements, such material is hearsay, and an independent basis is required for admitting these statements. A hearsay exception that commonly applies to

4

such statements is if they are "made for purposes of medical diagnosis or treatment." Fed. R. Evid. 803(4). The court must take steps to determine the reliability and veracity of such statements, including by inquiring into the relationship between the declarant and the patient, as well as any motive of the declarant to lie. *Shea v. Royal Enterprises, Inc.*, 2011 WL 2436709, at *11 (S.D.N.Y. June 16, 2011) (citations omitted).

Here, the statements highlighted by both parties constitute hearsay statements within the medical records. Some of these statements may plausibly fall within the Rule 803(4) exception, yet in each instance, it is unclear who the declarant is, and accordingly the factfinder is unable to evaluate the reliability or veracity of the statement. Because there is no indication as to who made these statements or how reliable those sources are, and there is no ability to cross-examine the source, the statements constitute inadmissible hearsay, and are also substantially more prejudicial than probative. *See Powers v. Mem'l Sloan Kettering Cancer Ctr.*, 2023 WL 1927826, at *4 (S.D.N.Y. Feb. 10, 2023) (precluding admission of statements in medical record made for medical treatment where it was unclear who had made them); *see also* Sanc*hez v. Manhattan and Bronx Surface Tr. Operating Auth.*, 170 A.D.2d 402 (1st Dep't 1991) (finding that it was error under state law to admit a statement contained in the hospital report where there was no foundation that the plaintiff was the source of the information).

Accordingly, the Court will preclude admission into evidence of statements in the medical record that the truck was "turning," or moving at "high speed," that D.R. was "thrown a couple of feet" or "flipped in the air," and that D.R. does not recall what happened.

### b. Police Report

The parties have agreed to redact statements in the police report made by Villa-Tenmaza to the responding police officer. Plaintiffs also seek to redact the diagram on the last page of the report as inadmissible hearsay. The diagram depicts how the accident occurred according to Villa-Tenmaza's description of the accident to the responding police officer.

Generally speaking, a police report is admissible as an exception to the hearsay rule as either a business record under Federal Rule of Evidence 803(6) or as a public record under Federal Rule of Evidence 803(8). *Boykin v. Western Express, Inc.*, 2016 WL 8710481, at *5 (S.D.N.Y. Feb. 5, 2016). However, to the extent any police report contains third-party statements or statements not based on the officer's personal knowledge, such material is hearsay, and an independent evidentiary basis is required for admitting these statements. *Id.* (citing *Gervacio v. Zall*, 345 Fed. Appx. 638, 640 (2d Cir. 2009)).

Because the diagram in question is based on Defendant Villa-Tenemaza's self-serving out-of-court statements rather than the police officer's personal knowledge, the diagram itself is inadmissible hearsay and must be redacted from the police report before the police report is admitted into evidence.

### c. Police Officer Testimony

Defendants indicated that they intend to call a police officer to testify that Villa-Tenmaza was not cited or ticketed at the scene of the accident. Plaintiffs argue that such testimony is not relevant because, under New York law (which applies to the substantive issue of negligence), the mere presence or absence of an arrest or citation "has no probative value" as to negligence in a civil action. *Franco v. Zingarelli*, 72 AD2d 211 (1st Dep't 1980); *see also*

*LaPenta v. Loca-Bik Ltee Transp.*, 238 A.D.2d 913 (4th Dep't 1997) (holding that the trial court erred when it allowed a police officer to testify that he did not issue a traffic citation to the defendant to demonstrate that the defendant was not negligent).  Permitting the police officer to testify that no ticket was issued may mislead the jury into thinking that Villa-Tenmaza was found by law enforcement to have been operating his vehicle safely.

Because the absence of a citation or ticket to Villa-Tenmaza has no probative value, it would be substantially more prejudicial than probative to allow the police officer to testify as to the fact that no citation or ticket was issued, and such testimony will not be permitted.

### d. Suggestion of Damages Amount for Pain and Suffering

Plaintiffs have moved for permission to suggest a dollar figure to the jury for pain and suffering damages.

It is within the trial court's discretion to permit or preclude counsel from suggesting to the jury a target dollar amount for pain and suffering, however the Second Circuit has clarified that it is "disfavored" to permit trial counsel to do so.  *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds sub nom. Consorti v. Owens-Corning Fiberglas Corp.*, 518 U.S. 1031 (1996).  This is because the jury "is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent," *id.*, and there is a "danger that a jury will give undue weight to the figures advanced by counsel," *Mileski v. Long Island R.R.*, 499 F.2d 1169, 1174 (2d Cir. 1974).  This Court's standard practice is thus to preclude counsel from suggesting to the jury a dollar figure for pain and suffering.

Plaintiffs provide several arguments as to why the Second Circuit's guidance regarding pain and suffering does not apply in this case.  First, they argue that because D.R. was only

7

thirteen at the time of the accident, she did not have the benefit of a work history; school performance record; record of athletic, artistic, or other talent; or any other marker that could provide a basis for the jury to conduct a before-and-after comparison in order to fully assess D.R.'s damages. However, D.R., who is now sixteen years old, will testify as to her pain and suffering, and her mother and doctor will testify as to their observations of D.R.'s pain and suffering as well. This should provide a sufficient basis for the jury to assess an appropriate damages amount. Plaintiffs cite no case law suggesting that simply because the plaintiff was a minor at the time of the accident, the jury is not capable of listening to the evidence and applying their lived experiences and judgment to determining a fair damages award.

Second, Plaintiffs argue that the economic damages in this case are small, and they are concerned that the jury will be inclined "to view pain and suffering damages as being linked to economic damages," and they will accordingly think that a smaller dollar amount for pain and suffering is appropriate. Plaintiffs have not provided case law or other evidence to support the proposition that a jury is more likely to find low damages for pain and suffering because of low economic damages. To the contrary, a jury may very well be just as likely to compensate for low economic damages by awarding a high amount for pain and suffering. Additionally, Plaintiffs' counsel is not precluded from stating to the jury that an amount for pain and suffering should not be tied to economic damages.

Finally, Plaintiffs argue that N.Y. C.P.L.R. 5501(c) protects against any prejudice that may result from counsel's proposal of a dollar figure, because that statute permits the court to find an award excessive and to grant a new trial on damages. This argument puts the cart before the horse; the trial court should not allow potentially prejudicial statements to be made at trial

based on the knowledge that a new trial may be allowed in the event the statements unduly sway the jury. Rather, the trial court must, in the first instance, try to prevent unduly prejudicial statements from being made at trial.

Accordingly, counsel will not be permitted to suggest a target dollar figure for pain and suffering damages.

### e. Photograph of Truck with Woman

Although not briefed as a formal motion *in limine*, Defendants object to Plaintiffs' use during trial of a photograph of the Santos Bakery truck with a woman standing beside the truck. Plaintiffs argue that the woman is roughly the same height as D.R., the image goes to show the general proportions of the truck in relation to D.R., and the image is probative of the fact that the truck's side mirror protruded significantly from the truck and may have hit D.R. regardless of whether she was walking into the cross walk or standing still.

"When a visual aid threatens to mislead, rather than assist, the jury, it is appropriate for the Court to exclude it." *Est. of Jaquez v. Flores*, 2016 WL 1060841, at *9 (S.D.N.Y. Mar. 17, 2016) (precluding plaintiff from admitting into evidence a photograph of the decedent holding a baby and finding the image not probative of the decedent's size because the size was only shown in relation to a baby). Here, the photograph is not particularly probative because the height and size of the woman is unknown, and the place where the woman is standing in relation to the truck does not replicate where D.R. was standing when she was struck. The probative value is further limited because there is no dispute that the truck mirror struck D.R., and the measurements of the truck are known and can be provided to the jury. Plaintiffs also have photographs of the truck without anyone standing beside the truck, which are sufficient to

inform the jury as to what the truck looked like and give them a general sense of its proportions. The image is likely to confuse the jury because they might find undue significance in the presence of the woman and her size and position in relation to the truck. The image is also somewhat prejudicial because, based on the way the woman is standing just behind the truck mirror in the photograph, it looks as though she is about to be struck head-on by the truck's mirror.

Accordingly, this image is substantially more prejudicial than probative and will not be permitted to be entered into evidence.

**This resolves the motions at ECF Nos. 46, 47, and 54.**

    **SO ORDERED.**

DATED:    New York, New York  
            May 31, 2023

                                                          KATHARINE H. PARKER  
                                                          United States Magistrate Judge